# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LENA THOMAS, an individual of a protected class bringing suit for herself and as a class or representative action on behalf of all other persons similarly situated in the United States of America and DOES 1-40+ million individuals,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES ATTORNEY GENERAL d/b/a the UNITED STATES OF AMERICA, et al.; and DOES 1-1000,**<br><br>**Defendants.** | 1:18-cv-01044-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS**<br><br>(ECF No. 5) |

## I. INTRODUCTION

Plaintiff Lena Thomas, appearing *pro se*, brings this action on behalf of herself and others similarly situated against the United States Attorney General d/b/a the United States of America ("Defendant" or the "Government") and Does 1-1000 asserting that she was denied her "moral and constitutional right to be appointed legal representation, free of charge" in various civil cases that she filed in Texas and elsewhere. Defendant moves to dismiss on the grounds that this Court lacks subject

1

matter jurisdiction and that Plaintiff's complaint fails to state a claim. For the reasons set forth below, Defendant's motion is GRANTED WITH PREJUDICE.

## II. **BACKGROUND**

Although the allegations in the complaint are not entirely clear, Plaintiff seems to allege that, as an indigent litigant, she was denied a right to be appointed free counsel to pursue her civil claims. Plaintiff does not specify the nature of those civil claims in the complaint. She alleges that the courts' failure to appoint her free counsel to pursue civil claims violated her statutory and constitutional rights. Plaintiff's complaint contains seven causes of action labeled: (1) Violation of 28 U.S.C.§ 1746 and § 1915; (2) Violation of Title 42 U.S.C. § 1985(3); (3) TRCP Rule 42(a) and FRCP Rule 23(b)(g); (4) Violation of Constitutional Amendments 5, 7, and 14; (5) Violation of Title 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 1985; (6) Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202 in Conjunction with FRCP 57; and (7) Moral and Just Causes and Reasons Plaintiff Should be Appointed Legal Counsel Pursuant to Due Process Clause 42 U.S.C. § 1983. The complaint contains several paragraphs that explain why Thomas contends that she and other indigent civil litigants should be provided free legal representation in civil cases. ECF No. 1 at ¶¶ 26-39. Plaintiff requests relief in the form of appointed counsel in this and other cases, compensatory and punitive damages, and attorney's fees. ECF No. 1 at 30-31. The only non-Doe defendant in the lawsuit is the "United States Attorney General d/b/a/ the United States of America," alternatively referred to as "the United States of America, d/b/a and represented by the Attorney General of the United States of America." ECF No. 1 at 4, 10.

Plaintiff originally filed this action in Fresno County Superior Court. Defendant removed the case to this Court, ECF No. 1, and moved to dismiss the complaint, ECF No. 5. Plaintiff opposed the motion. ECF No. 6. Defendant filed a reply. ECF No. 7. The motion is ripe and is suitable for disposition without oral argument. *See* Local Rule 230(g).

///

///

### III. **STANDARD OF DECISION**

**A.    Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. *Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-892 (3rd Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-1131 (2nd Cir. 1976). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A proper speaking motion allows the court to

consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage,* 343 F.3d at 1039-40, n.2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 200-02 (9th Cir. 1989).

The court may permit discovery before allowing the plaintiff to demonstrate the requisite jurisdictional facts. *Id.* A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits. *Rosales v. United States*, 824 F.2d 799, 802-803 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the court should dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* Otherwise, the intertwined facts must be resolved by the trier of fact. *Id.*

**B.** **Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim. "Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

**A.    Sovereign Immunity**

Defendant moves to dismiss each of the seven causes of action in this case based on Federal Rule of Civil Procedure 12(b)(1), asserting that sovereign immunity bars this action.

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts.  The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).  "The question whether the United States has waived its sovereign immunity . . . is, in the first instance, a question of subject matter jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). Thus, no federal agency can be sued unless Congress has explicitly waived that agency's immunity. *Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 343 (9th Cir. 1993); *City of Whittier v. U.S. Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979). If the defendant is a government officer or employee acting within his or her official capacity, the suit is essentially a suit against the United States and the officer or employee cannot be sued if no jurisdiction exists over the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

Simply put, no court has jurisdiction to award relief against the United States, its agencies, or its officers and employees acting within their official capacities unless the requested relief is expressly and unequivocally authorized by federal law. *United States v. King*, 395 U.S. 1, 4 (1969) (citing *United States v. Sherwood*, 312 U.S. 584 (1941)). When conditions are attached to any legislation that waives the sovereign immunity of the United States, "those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block*, 461 U.S. at 287; *see also Cato v. United States*, 70 F.3d

1103, 1107 (9th Cir. 1995) ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

The plaintiff in a lawsuit against the United States, a federal agency, or a federal officer or employee acting in his or her official capacity "must point to an unequivocal waiver of sovereign immunity." *Blue*, 162 F.3d at 544. Accordingly, this Court turns to an analysis of the jurisdictional bases alleged by Plaintiff to determine whether sovereign immunity has been waived with respect to Plaintiff's claims and, if so, whether the terms of that waiver will permit this Court to entertain any of Plaintiff's claims.

Here, Plaintiff brings suit against "United States Attorney General, d/b/a the United States of America," in the caption of the complaint, ECF No. 1 at 3, but also identifies the Defendant as "the United States of America, d/b/a and represented by the Attorney General of the United States of America" in the body of the complaint, ECF No. 1 at 10 ¶ 2. In the summons, Plaintiff checked the box indicating that the Defendant was being sued "as the person sued under a fictitious name" and did not check the box indicating that the Defendant was being served as an "individual defendant." *Id.* Generally when a complaint seeking damages does not allege whether an official is sued in her individual or personal capacity, the court presumes that the official is being sued in her individual capacity. *Shoshone–Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1984). However, here Plaintiff fails to name any official as a defendant anywhere in the complaint. Instead, she names an office of the United States government ("United States Attorney General") and the United States itself. Therefore, the presumption that she is suing the Attorney General in his individual capacity is overcome, and the Court interprets the United States Attorney General to be sued in his official capacity only. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against federal employee in his official capacity was essentially a suit against the United States). Because Plaintiff sues the United States Attorney General in his official capacity (i.e. "d/b/a the United States"), the Court considers Defendant's argument that Plaintiff's claims are barred by sovereign immunity.

7

Defendant asserts that the Court lacks subject matter jurisdiction because United States Attorney General, the only identified defendant in this lawsuit, is not susceptible to suit under the doctrine of sovereign immunity. Defendant further asserts that it has not waived its sovereign immunity in this case. ECF No. 5-1; ECF No. 7 at 2. Plaintiff does not substantively address Defendant's contention that the Court lacks subject matter jurisdiction over these claims. In her opposition, she merely contends that the "tiresome, overused 'subject matter jurisdiction defense' . . . doesn't hold in this case." ECF No. 6 at 4. She does not indicate how immunity is waived in this case and therefore why this Court has subject matter jurisdiction to address her claims. *Phifer v. Sec'y U.S. Dep't of Hous. & Urban Dev.*, No. CIV S-08-0299 LKK, 2009 WL 8706810, at *3 (E.D. Cal. Feb. 2, 2009) ("where a civil action raising a federal question is brought against the federal government, the plaintiff must point to some other law that contains an unequivocal waiver of the government's sovereign immunity with respect to the claims alleged by plaintiff. . . . the mere existence of federal questions does not provide this court with subject matter jurisdiction over plaintiff's claims."), *report and recommendation adopted*, No. CIV S-08-0299 LKK, 2009 WL 8706811 (E.D. Cal. Mar. 19, 2009). Because Plaintiff has not met her burden to establish this Court's jurisdiction, her case must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

**B.     Failure to State a Claim**

Even if Plaintiff were able to establish subject matter jurisdiction in this case, she would still fail to state a viable cause of action. The thrust of each of the seven causes of action in the complaint is that Plaintiff and all other indigent civil litigants similarly situated were denied their legal and constitutional right to be appointed free counsel to bring their civil claims. Civil litigants have no absolute right to free counsel under the Constitution, laws of the United States, or Federal Rules of Civil Procedure. *Hedges v. Resolution Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil proceedings").

The statutes and constitutional provisions invoked by Plaintiff in her complaint do not provide a

cause of action for the failure to appoint free legal counsel. Plaintiff asserts a right to counsel under 28 U.S.C. § 1915(e)(1), but that statute provides only that the district "*may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Far from creating an absolute right to be appointed free counsel in civil matters, that statute provides that the decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citations and quotation marks omitted).

Likewise, Plaintiff asserts that her Fifth, Seventh, and Fourteenth Amendment rights were violated by the failure to appoint her free legal representation to pursue her civil claims. However, none of those Amendments has ever been interpreted to provide for such a right except in very limited circumstances not applicable under the facts alleged here – such as where the losing party is at risk of losing his her or her physical liberty. *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 442-43 (2011) ("an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." (quotation marks and citation omitted)). Plaintiff has not demonstrated that any of her civil cases, including this one, constitute such exceptional circumstances. *Id.*

Plaintiff also asserts a cause of action for violation of her rights under Federal Rule of Civil Procedure 23 and Texas Rule of Civil Procedure 42. Neither rule provides for such a right. Each rule provides a procedural device for bringing claims on behalf of a class of similarly situated individuals, not for a substantive cause of action. Similarly, 28 U.S.C. § 1331 and § 1343 merely confer original jurisdiction for civil actions arising under the Constitution or laws of the United States on the district courts and provide that district courts have original jurisdiction in civil rights cases. Neither statute is the basis for a cause of action, much less one for failure to provide free counsel in civil cases.[1] Likewise,

---

[1] The Court also notes that 28 U.S.C. § 1331 itself has not been construed to waive the government's defense of sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

9

Plaintiff seeks relief under the Declaratory Judgment Act, which provides for a certain remedy but does not provide the substantive basis for Plaintiff's cause of action. *See Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (Declaratory Judgment Act does "not create new substantive rights, but merely expands the remedies available in federal courts").

Plaintiff's allegation of a conspiracy under 42 U.S.C. § 1983 and § 1985 also fails to state a claim because Plaintiff has not alleged a cognizable underlying legal or constitutional violation. Moreover, Plaintiff's allegations lack any specificity regarding any identifiable "conspirators" as would be necessary to state a Section 1985(3) claim.

Plaintiff also makes reference to the Federal Tort Claims Act ("FTCA") in her complaint, although she does not actually allege a cause of action under the FTCA, nor does she appear state any facts that would form the basis for such a claim. Therefore, she fails to state a claim under the FTCA to the extent that one is even pled.[2]

Because Plaintiff fails to establish subject matter jurisdiction and fails to state a claim, Defendant's motion to dismiss is GRANTED.

## C. <u>Leave To Amend</u>

The United States argues that the dismissal should be without leave to amend since it is evident Plaintiff's claims are barred by sovereign immunity. "Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." *Vacek*, 447 F.3d at 1250. Plaintiff has not shown that the United States waived its sovereign immunity for the claims she has alleged, or for the claims she argues

---

[2] The Court notes that under limited circumstances, sovereign immunity is waived under the FTCA. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994) (Federal Tort Claims Act waived sovereign immunity for "certain torts committed by federal employees."). However, that waiver is limited and Plaintiff does not demonstrate how, even if she were alleging an FTCA violation, sovereign immunity would be waived in this case. *Id.* at 478. Moreover, Plaintiff fails to allege that she has satisfied the exhaustion requirement under the FTCA claim. *Mendoza v. United States*, 661 F. App'x 501, 502 (9th Cir. 2016). Therefore, the Court also lacks subject matter jurisdiction as to the FTCA claim (to the extent one is even pled).

she would allege in an amended pleading. "[L]eave to amend may be denied . . . if amendment of the complaint would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

Here, it is evident that amendment would be futile; therefore, leave to amend is DENIED.

## V. **CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant United States' motion to dismiss (ECF No. 5) is GRANTED WITH PREJUDICE. The Clerk of Court is DIRECTED to CLOSE the case.


IT IS SO ORDERED.

Dated: **October 10, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE